UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY IVAN HAWKINS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 19-CV-0312-CVE-JFJ |
| JIMMY MARTIN, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This matter is before the Court on two motions: (1) respondent's motion (Dkt. # 11) to dismiss petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1) as time-barred under 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations and (2) petitioner's motion (Dkt. # 25) for default judgment. For the reasons that follow, the Court denies petitioner's motion for default judgment, grants respondent's motion to dismiss, and dismisses the petition, with prejudice, as time-barred.

**I.    Background**

Petitioner seeks federal habeas relief from the state-court judgment entered against him in the District Court of Tulsa County, Case No. CF-2013-3239. Dkt. # 1, at 1; Dkt. # 12, at 2; Dkt. # 12-11, at 1.[1] In that case, on July 15, 2015, petitioner, represented by counsel and without the benefit of a plea agreement, pleaded guilty to two counts of child sexual abuse, in violation of OKLA. STAT. tit. 21, § 843.5(E), and pleaded no contest to five counts of child sexual abuse, in violation of OKLA. STAT. tit. 21, § 843.5(E). Dkt. # 12, at 2. In the written plea form memorializing petitioner's pleas,

---

[1]    The Court's record citations refer to the CM/ECF header page numbers.

petitioner indicated that he understood the nature of the charges against him, the range of potential sentences, and that he would be required to serve 85% of his prison sentence before becoming eligible for parole, and further indicated that he had not been coerced or "promised anything by anyone" to waive his trial rights. Dkt. # 12-1, at 1-4.

On August 24, 2015, the trial court imposed a life sentence and a $500 fine for each conviction and ordered the sentences to be served concurrently with each other. Dkt. # 12-1, at 5-6; Dkt. # 12-11, at 1. The trial court advised petitioner that he would be required to serve 85% of his life sentence before he would be eligible for parole. Dkt. # 12-1, at 6; Dkt. # 12-10, at 2. The trial court also advised petitioner of his right to appeal, including the procedures and time limits for doing so, and petitioner indicated on the written plea form that he understood his appeal rights. Dkt. # 12-1, at 7; Dkt. # 12-10, at 2. Petitioner did not move to withdraw his guilty pleas within the 10-day period permitted by Oklahoma law nor did he file a timely certiorari appeal to obtain direct review of his convictions or sentences. Dkt. # 1, at 2; Dkt. # 12, at 2; Dkt. # 12-10, at 2.

On January 13, 2016, petitioner, proceeding pro se, filed an application for postconviction relief in Tulsa County District Court (TCDC), claiming that his sentences were "excessive and illegal" because the trial court imposed both a prison term and a fine, and further claiming that he was entitled to be released from prison because he paid one of his $500 fines. Dkt. # 12-9, at 1-3; Dkt. # 12-10, at 2. The TCDC denied petitioner's application on March 28, 2016. Dkt. # 12-10. It reasoned that petitioner waived his excessive-sentence claim by failing to file an appeal after being advised of his appeal rights. Id. at 3-4. In addition, the TCDC rejected on the merits petitioner's arguments (1) that his sentences were "illegal" because he was sentenced to imprisonment and a fine and (2) that he was entitled to release because he paid a fine. Dkt. # 12-10, at 4-5. Petitioner

2

appealed, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed the denial of postconviction relief by order issued August 18, 2016, in Case No. PC-2016-323. Dkt. # 12-11.

On October 5, 2016, petitioner, proceeding pro se, filed a petition for writ of habeas corpus in Beckham County District Court (BCDC), claiming that he was being illegally restrained, under judgments and sentences entered against him in Tulsa County and Osage County,[2] because the imposition of both a fine and imprisonment in the Tulsa County case violated his right to be free from double jeopardy and because he had "discharged" his sentences in both cases by paying one of his Tulsa County fines. Dkt. # 12-12, at 1-4. The BCDC dismissed the state habeas petition on December 21, 2016, reasoning that it lacked jurisdiction to review the validity of petitioner's Tulsa and Osage County convictions and sentences and stating that petitioner should have challenged the same through an application for postconviction relief filed in the appropriate district court. Dkt. # 12-13, at 1-2.

On April 17, 2017, petitioner, proceeding pro se, filed a motion in the TCDC requesting a recommendation for an appeal out of time. Dkt. # 12-14, at 1. In the motion, petitioner alleged that he told trial counsel, during the August 24, 2015, sentencing hearing, that he wanted to file an appeal, that counsel "did nothing to explain how the appeal procedure would be taken," and that counsel abandoned him and failed to file an appeal. Id. at 1-3. He further alleged that he filed the state habeas petition in the BCDC on the advice of "a jailhouse-yard-lawyer" before learning from another "prison law clerk" that the state habeas petition was frivolous and that he should move for an appeal out of time. Id. at 2. The TCDC summarily denied the motion in a minute order entered

---

[2]   In a separate federal habeas action, N.D. Okla. Case No. 19-CV-0314-JED-JFJ, petitioner filed a 28 U.S.C. § 2254 petition for writ of habeas corpus to challenge his convictions in Osage County District Court, Case No. CF-2013-259.

on May 23, 2017, and subsequently issued a written order, on September 26, 2017, denying the same motion without stating its reasons for the denial. Dkt. # 12, at 3; Dkt. # 12-15, at 1-2. Petitioner appealed and, in an order filed March 2, 2018, in Case No. PC-2017-1088, the OCCA reversed the TCDC's orders denying the motion and remanded with instructions to vacate the orders and dismiss petitioner's motion for an appeal out of time, reasoning that the motion was not verified as required by OKLA. STAT. tit. 22, § 1081. Dkt. # 12-15, at 1-2. As instructed by the OCCA, the TCDC dismissed the motion on March 8, 2018. Dkt. # 12-16, at 3.

On June 29, 2018, petitioner, proceeding pro se, filed an "Application for Post-Conviction Seeking an Order Recommending Granting an Appeal Out of Time" and a "Motion/Application to Withdraw Guilty Plea" in the TCDC. Dkt. # 12-16, at 3. The TCDC construed petitioner's pleadings as a subsequent application for postconviction relief, under OKLA. STAT. tit. 22, § 1086, and denied relief. Id. at 5. The TCDC found that the facts alleged in the application "if true, were necessarily available" to petitioner when he filed his first application for postconviction relief in January 2016 and that petitioner failed to offer an "adequate reason external to the defense" that prevented him from requesting an out-of-time-appeal in the 2016 application. Id. at 3-5. Petitioner appealed and, in an order filed November 16, 2018, in Case No. PC-2018-953, the OCCA affirmed the denial of petitioner's application for postconviction relief. Dkt. # 12-17.

Petitioner filed his 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1) on June 7, 2019.[3] He claims that trial counsel provided ineffective assistance during plea negotiations and

---

3   The Clerk of Court received the petition on June 12, 2019, but petitioner declares under penalty of perjury that he submitted the petition to prison officials for mailing on June 7, 2019. Dkt. # 1, at 16, 30. Applying the prison mailbox rule, the Court thus deems the petition filed on June 7, 2019. See Houston v. Lack, 487 U.S. 266, 276 (1988); Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

sentencing, abandoned him during the critical 10-day window to file an appeal, and failed to file an appeal despite petitioner's request. Dkt. # 1, at 5-10. Petitioner appears to concede that he did not file his petition within one year of the date his conviction became final, but he asserts that he may be eligible for equitable tolling of, or an equitable exception to, the one-year limitation period. Id. at 14.

By order (Dkt. # 3) filed June 14, 2019, the Court screened the petition and directed respondent to file a limited response addressing the timeliness of the petition, whether equitable tolling was warranted, whether petitioner procedurally defaulted his claims in state court, and, if so, whether petitioner's allegations of ineffective assistance of trial counsel were sufficient to overcome the procedural default of his claims.

After receiving three extensions of time, see Dkt. ## 6, 8, 10, respondent filed a motion to dismiss the petition as time-barred (Dkt. # 11) and a brief in support of the motion (Dkt. # 12). After receiving three extensions of time to file a response to the dismissal motion, see Dkt. ## 18, 20, 24, petitioner filed a motion for default judgment (Dkt. # 25).

**II.    Analysis**

**A.    Petitioner's motion for default judgment shall be denied.**

In his motion for default judgment, petitioner claims that respondent failed to file a response to the habeas petition as directed by this Court in the order filed June 14, 2019, and argues that respondent instead only filed a response to the habeas petition that petitioner filed in N.D. Okla. Case No. 19-CV-0314-JED-JFJ, challenging his Osage County convictions. Dkt. # 25. This Court's records clearly show that respondent filed a separate dismissal motion in each habeas action.

5

See Dkt. # 11 (N.D. Okla. Case No. 19-CV-0312-CVE-JFJ); Dkt. # 11 (N.D. Okla. Case No. 19-CV-0314-JED-JFJ). Consequently, the Court denies petitioner's motion for default judgment.

**B.      Respondent's motion to dismiss the petition shall be granted.**

Respondent contends that the petition is time-barred under 28 U.S.C. § 2244(d)(1)(A) and that petitioner has not demonstrated any circumstances to support his request for equitable tolling of the one-year limitation period. Dkt. ## 11, 12. The Court agrees with both contentions.

**1.      The petition is untimely under 28 U.S.C. § 2244(d)(1)(A).**

A state prisoner generally has one year from the date his or her state-court judgment becomes final, upon the conclusion of direct review, to file a federal habeas petition challenging the constitutional validity of that state-court judgment. 28 U.S.C. § 2254(a); id. § 2244(d)(1)(A).[4] The one-year limitation period is tolled by statute for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, to obtain the benefit of statutory tolling, the petitioner must file an application for postconviction relief or other collateral review in state court before the one-year limitation period expires. Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006). And the application for postconviction relief or other collateral review must be "properly filed," meaning that it must be filed in accordance with applicable state laws and procedural rules. Artuz v. Bennett, 531 U.S. 4, 8 (2000).

---

[4]     The one-year limitation period may also commence on a later date under § 2244(d)(1)(B), (d)(1)(C), or (d)(1)(D), but even applying the rule of liberal construction, the Court does not read the petition as suggesting that any of these alternative provisions apply. Dkt. # 1, at 14; see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (requiring courts to liberally construe pleadings filed by pro se litigants). Thus, like the parties, the Court limits its analysis to determining whether the petition is timely under § 2244(d)(1)(A).

Even with the benefit of statutory tolling, the petition is untimely. Because petitioner's convictions rest on guilty and no contest pleas, his only path to direct review under Oklahoma law was through a certiorari appeal. Clayton v. Jones, 700 F.3d 435, 441 (10th Cir. 2012). Petitioner had 10 days from the date of his sentencing hearing to file a motion to withdraw his pleas and request an evidentiary hearing if he intended to pursue an appeal. See id. (noting that an "application to withdraw guilty plea and the evidentiary hearing are both necessary and critical steps in securing [a certiorari] appeal" (quoting Randall v. State, 861 P.2d 314, 316 (Okla. Crim. App. 1993)); OKLA. STAT. tit. 22, § 1051; Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2019) (providing criminal defendant convicted on guilty plea must move to withdraw guilty plea within 10 days of sentencing if defendant intends to appeal). Because petitioner did not move to withdraw his pleas before the 10-day period expired, his convictions became final on September 3, 2015. Petitioner's one-year limitation period for filing a timely federal habeas petition commenced the next day, September 4, 2015, and, absent any tolling events, would have expired on September 4, 2016. See Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (discussing calculation of one-year limitation period).

Petitioner filed three applications for postconviction relief and one state petition for a writ of habeas corpus, creating the potential for four periods of statutory tolling. Respondent does not dispute that petitioner is entitled to statutory tolling during the period that his first application for postconviction relief was pending in state court. Dkt. # 12, at 7-8. The Court finds that the one-year limitation period was therefore tolled from January 13, 2016, to August 18, 2016. Id. Before that tolling period, 131 days of petitioner's one-year period passed. Thus, after the OCCA affirmed the

7

denial of petitioner's first application for postconviction relief, petitioner had 234 days remaining, or until April 10, 2017, to file a timely federal habeas petition.[5]

But respondent contends that petitioner's remaining attempts to seek postconviction relief or other collateral review in state court did not toll the one-year limitation period because (1) the petition for writ of habeas corpus filed in the BCDC on August 18, 2016, was not "properly filed" and (2) petitioner's applications for postconviction relief, filed on April 17, 2017, and June 29, 2018, were filed after his one-year limitation period expired. Dkt. # 12, at 8-10. The Court agrees.

A pleading is "properly filed" for purposes of § 2244(d)(2), if it is filed in accordance with state law filing requirements. Artuz, 531 U.S. at 8; Loftis v. Chrisman, 812 F.3d 1268, 1272 (10th Cir. 2016). As previously discussed, petitioner filed a state habeas petition in the BCDC on October 5, 2016, and that petition remained pending for 78 days until the BCDC dismissed it on December 21, 2016. Dkt. # 12-13, at 1-2. The BCDC dismissed petitioner's state habeas petition for lack of "jurisdiction," reasoning that petitioner improperly attempted to challenge the validity of his Tulsa County and Osage County judgments through a habeas petition filed in the BCDC rather than through an application for postconviction relief filed in the district court that imposed his sentence. Dkt. # 12-13, at 1-2. Because he effectively sought postconviction relief through a state habeas petition rather than the postconviction procedures established by state law, the state habeas petition was not "properly filed." See Artuz, 531 U.S. at 8 (noting that "an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing

---

[5] Because the OCCA issued its decision on August 18, 2016, petitioner had 234 days, beginning August 19, 2016, to file his federal habeas petition. Harris, 642 F.3d at 906 n.6. And, because the 234th day would have fallen on Sunday, April 9, 2017, petitioner's one-year limitation period would have expired the following Monday, April 10, 2017. See FED. R. CIV. P. 6(a)(1)(C).

filings" and citing examples such as "the form of the document," "time limits upon its delivery," and "the court and office in which it must be lodged" (emphasis in original)).  As a result, the Court agrees with respondent that there were no tolling events after petitioner's one-year clock began to run again on August 18, 2016, upon the conclusion of his first state postconviction proceeding, and his federal filing deadline expired on April 10, 2017, more than two years before he filed his federal habeas petition.  Thus, the petition is untimely under § 2244(d)(1)(A).[6]

### 2. Petitioner has not demonstrated that equitable tolling is warranted.

Because § 2244(d)(1)'s statute of limitations is not jurisdictional, it "is subject to equitable tolling in appropriate cases."  Holland v. Florida, 560 U.S. 631, 645 (2010); Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008).  However, to warrant equitable tolling a habeas petitioner must "show specific facts" demonstrating (1) that he diligently pursued his federal claims and (2) that extraordinary circumstances prevented him from filing a timely federal habeas petition.  Id. at 928-29; see also Pace v. Diguglielmo, 544 U.S. 408, 418 (2005) (describing diligence and extraordinary circumstances as "two elements" a petitioner must establish to obtain the benefit of equitable tolling).

---

[6] Even assuming the state habeas petition was "properly filed," the Court would still conclude that the federal habeas petition is untimely.  Giving petitioner the benefit of statutory tolling for the 78 days that his state habeas petition was pending in the BCDC would extend his federal filing deadline to June 26, 2017.  Petitioner filed his second application for postconviction relief in the TCDC on April 17, 2017, before this extended deadline expired. Dkt. # 12-14.  But the OCCA determined that his second application was not properly filed. Specifically, the OCCA found that petitioner did not properly invoke the TCDC's jurisdiction because he failed to file a verified application as required by Oklahoma law. Dkt. # 12-15.  Thus, even assuming petitioner's federal filing deadline was extended to June 26, 2017, he still filed his federal habeas petition too late by almost two years.

9

Petitioner appears to argue that the Court should excuse his untimely filing, for equitable reasons, because trial counsel abandoned him immediately after his sentencing hearing and failed to file an appeal, thereby depriving petitioner of his right to appeal. Dkt. # 1, at 14. Accepting petitioner's allegations as true, the Court finds them troubling. See Clayton, 700 F.3d at 442-43 (affirming district court's finding that habeas petitioner was denied Sixth Amendment right to counsel when facts supported petitioner's allegation that counsel disregarded his request to file an appeal). But the record in this case belies petitioner's apparent assertion that his trial counsel's failures, rather than his own, prevented him from filing a timely federal habeas petition. Significantly, counsel's alleged abandonment occurred in September 2015, when counsel purportedly failed to take the steps necessary to preserve petitioner's appeal rights. This was nearly four years before petitioner filed his federal habeas petition in June 2019.

In the intervening period, petitioner sought postconviction relief in state district court on four different occasions and pursued postconviction appeals on three of those occasions. But, on the first two occasions, he focused solely on sentencing challenges, not on trial counsel's alleged ineffectiveness during plea negotiations and immediately after the sentencing hearing. See Dkt. ## 12-9, 12-12. The ineffective-assistance-of-trial-counsel claims petitioner now raises in his federal habeas petition, were asserted for the first time in state court on April 17, 2017, when petitioner filed his unverified second application for postconviction relief. Dkt. # 12-14. And in that application, petitioner made clear that his ineffective-assistance-of-trial-counsel claims rest entirely on facts that he knew, or should have known, no later than September 2015. For example, he alleged in his unverified application for postconviction relief that he told trial counsel he wanted to appeal "while sitting at the defense table," either during his July 2015 plea hearing or his August 2015 sentencing

10

hearing, that "there was no hearing conducted concerning the withdrawal of [his] pleas," and that trial counsel failed to file a notice of appeal. Id. at 2-3. On this record, the Court cannot find that petitioner diligently pursued his federal habeas claims.[7]

Moreover, as respondent argues, petitioner's allegations regarding trial counsel's abandonment, if true, may explain why petitioner failed to comply with Oklahoma's requirements for filing a certiorari appeal, but those allegations do not explain why petitioner failed to comply with § 2244(d)(1)'s one-year deadline for filing a federal habeas petition. See e.g., Mullins v. Allbaugh, 663 F. App'x 628, 631 (10th Cir. 2016) (unpublished) (rejecting petitioner's request for equitable tolling of one-year limitation period based on allegation that trial counsel rendered ineffective assistance by failing to file motion to withdraw plea within 10 days of sentencing); Loving v. Mahaffey, 27 F. App'x 925, 926 (10th Cir. 2001) (unpublished) (rejecting petitioner's claim of diligence, notwithstanding his assertion that his lawyer failed to file notice of appeal as requested, in light of fact that petitioner failed to explain why it took him almost four years after his conviction

---

[7] Petitioner does allege, in his federal habeas petition, that he "did not obtain competence that the State and counsel induced fraud during plea negotiations" until "he spoke with a DOC law clerk in 2017." Dkt. # 1, at 7. But regardless of whether petitioner failed to understand until 2017 that counsel's alleged actions purportedly "induced fraud," he knew the facts regarding counsel's allegedly deficient and prejudicial performance no later than September 2015, i.e., that counsel did not properly advise him during plea negotiations or with respect to sentencing, that counsel did not file a motion to withdraw his pleas within the critical 10-day window, and that counsel did not file a notice of appeal. Id. at 5-10. Petitioner nevertheless failed to act with the requisite diligence in pursing his federal habeas claims by waiting until April 2017 to present those facts in state court and waiting until June 2019 to present them in this Court.

became final to file an application for post-conviction relief in state court and almost five years after his conviction became final to file a federal habeas petition).[8]

### 3. Conclusion

Based on the foregoing, the Court concludes that petitioner filed his federal habeas petition after the expiration of his one-year limitation period under 28 U.S.C. § 2244(d)(1)(A) and that he has not demonstrated any circumstances that would support excusing the untimeliness of the petition for equitable reasons. As a result, the Court grants respondent's dismissal motion and dismisses the petition for writ of habeas corpus, with prejudice, as time-barred.

### III.  Certificate of appealability

In a habeas proceeding, when the Court issues a final ruling that is adverse to the petitioner, the Court must consider whether to issue or deny a certificate of appealability. 28 U.S.C. § 2253(c); Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts. When the adverse ruling rests on a procedural ground, the petitioner must show that reasonable jurists could debate (1) whether petitioner asserted a viable constitutional claim and (2) whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that reasonable jurists might debate whether petitioner states a viable Sixth Amendment claim based on his allegations that trial counsel disregarded his request to file an appeal. See, e.g., Clayton, 700 F.3d at 442-43 (affirming district court's finding that habeas petitioner was denied Sixth Amendment right to counsel when facts supported petitioner's allegation that counsel disregarded his request to file an appeal). But the Court finds reasonable jurists would

---

[8] The Court cites these unpublished decisions for their persuasive value. See FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

not debate the Court's determinations (1) that the habeas petition is time-barred under § 2244(d)(1)(A) and (2) that petitioner failed to identify specific facts to support his request for equitable tolling. The Court therefore declines to issue a certificate of appealability. Should petitioner file an appeal, he may request a circuit judge to issue a certificate of appealability. See FED. R. APP. P. 22(b).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's motion for default judgment (Dkt. # 25) is **denied**.

2. Respondent's motion to dismiss (Dkt. # 11) is **granted**.

3. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice** as time-barred.

4. A certificate of appealabilty is **denied**.

5. A separate judgment shall be entered in this matter.

**DATED** this 8th day of June, 2020.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

13